PICCADILLY ICE CREAM CO., A CORPORATION, PROSECU-
TOR, v. BOARD OF COMMISSIONERS OF THE TOWN OF
BELLEVILLE ET AL., RESPONDENTS.

Decided April 17, 1946.

Before Justice PARKER.

For the prosecutor, *Julius P. Litwack.*

For the respondents, *Lawrence E. Keenan.*

PARKER, J. This is a zoning case. One Pasquale Ten-
tarelli for some time past was the owner of premises in the
westerly section of the Town of Belleville known as Nos. 31
and 33 Florence Avenue. Florence Avenue is a street one
block long about the middle of a section previously zoned for
business, as indicated by the map in evidence, and on this
property Tentarelli has maintained and used on the rear half
of his plot of land, 50 by 100 feet, a concrete and brick build-
ing one story in height and used, as stated in the brief and in
the testimony, for the manufacturing of lemon ices, storage
of ice cream trucks, signs and ice cream cabinets. The origi-
nal building was built in 1924 and enlarged in 1935, the use
being substantially unchanged. In September, 1945, Ten-
tarelli agreed to sell, and the present prosecutor agreed to
purchase, the premises in question and filed plans and specifi-
cations for the erection of the proposed one-story building in
front of the existing one-story structure, the new building to
be used, as stated, "for the purpose of offices, dressing rooms
and storage of office supplies." A permit was refused on two
grounds, one of which was that the zoning ordinance had been

changed shortly after he had purchased the property, and the premises zoned as residential. The question, therefore, relates to the propriety of this latter ordinance.

This question, as I see it, is substantially one of fact; in substance, whether this change of the zoning situation at the time and under the circumstances in question is reasonable or otherwise. My conclusion, from an examination of the evidence submitted, is emphatically to the contrary. The whole district, as already noted, was zoned for manufacturing. The map in evidence has no indicated scale but, roughly speaking, I should say that the tract zoned for business would measure between nine and ten acres. The photographs show with illuminating accuracy the fact that the immediate neighborhood, including the premises in question, is largely vacant. It is plain that the prosecutor, having established a business already for the purposes above named, is immune to interference therewith by any zoning regulations; and it is also plain that the use to be made of the proposed additions is entirely innocuous as regards neighboring buildings, and from a practical point of view, would be a considerable improvement of the situation as regards the premises owned by the prosecutor.

The refusal of the permit will therefore be set aside, with costs.